## Elias F. Morgan *v.* James Wolstencroft, Appellant.

*Commercial paper—Release of indorser—Want of notice.*

It is a well settled principle in the law of commercial paper that, where no demand has been made or notice given, an indorser's promise to pay after maturity, with full knowledge of the holder's laches, is binding.

*Question for the jury.*

Where there was evidence that indorser had said to plaintiff " that whatever paper he was on he would pay in full," etc., although denied by defendant, the court properly left the question to the jury whether such promise to pay had been made.

Argued Nov. 4, 1895. Appeal No. 6, Nov. T., 1895, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1894, No. 56. Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, McCARTHY and ORLADY, JJ. Affirmed.

Assumpsit to recover $307.75 with interest upon two promissory notes against the defendant as endorser. Verdict for plaintiff for $342.15. The defendant alleged that he was discharged by reason of no notice of nonpayment having been given, and that no language was ever used by him afterward that would make him liable. It was admitted that there was no legal notice of nonpayment, but claimed that certain general language used by appellant afterward created a liability on his part to pay. The instruction on this point is the error complained of in the charge of the court by THAYER, P. J., which was, inter alia, as follows:

"By his indorsement, of course, he became responsible for the payment of the notes, and he is responsible now for their payment unless he has shown some sufficient reason why he should be excused from that obligation." [2]

"But there is evidence in the case that the defendant, notwithstanding that want of notice, afterwards promised to pay those two notes. That is sworn to by the two Morgans—by Ricardo Morgan and Elias Morgan—that he verbally promised afterwards that he would pay the notes. If he did so promise, that is a waiver of the want of notice, and he is liable upon that promise to pay, notwithstanding the fact that no notice was sent to him of the nonpayment of that note by the maker." [3]

*Errors assigned* were, (1) refusal of binding instruction; (2, 3) the portions of the charge as above.

*E. Cooper Shapley*, for defendant, appellant.—The question should be governed by the decisions in the analogous case of an obligation barred by the statute of limitations: Suter v. Sheeler, 22 Pa. 310; Wolfensberger v. Young, 47 Pa. 516; Emerson v. Miller, 27 Pa. 278. In Linderman v. Pomeroy, 142 Pa. 178, different expressions are given which have been held insufficient, citing also Clark v. Maguire, 35 Pa. 259; Senseman v. Hershman, 82 Pa. 83; Miller v. Baschore, 3 W. N. 402; Montgomery v. Cunningham, 104 Pa. 349.

*Read & Pettit*, for appellee, cited Moyer's App., 87 Pa. 133; Jenkins v. White, 147 Pa. 303; and relied on Oxnard v. Varnum, 111 Pa. 193.

OPINION BY RICE, P. J., December 2, 1895:

It is a well settled principle in the law of commercial paper, that, where no demand has been made or notice given, an endorser's promise to pay after maturity, with full knowledge of the holder's laches is binding. The cases will be found collected in Oxnard v. Varnum, 111 Pa. 193, and need not be cited here. The appellant's counsel does not dispute the principle, but contends that there was not such evidence of a promise to pay the $250 note as was necessary to bring the case within it. Conceding for present purposes that the question is governed

by the rule applicable to a promise to pay an obligation barred by the statute of limitations, still there was ample testimony to warrant the court in submitting it to the jury. The defendant admitted his indorsement on the trial, and there was testimony—denied by him it is true—that he said to the Morgans that whatever paper he was on he would pay in full. Furthermore it appeared by his own testimony that the notes were present at the interview and that he saw them. Hence his promise was plainly referable to the note in suit and there was no lack of identification. In short, while there was a conflict of evidence as to what was said at the interview there was no dispute or doubt as to the notes concerning which the parties talked.

By the affirmance of the defendant's first point, and in his general charge the learned judge told the jury very plainly that the notice of nonpayment was prematurely sent, that it was not legal notice and amounted to nothing, and that the defendant would be discharged unless they found that he afterwards promised to pay the note. When, as they properly should be, these instructions are read in connection with the instruction referred to in the second assignment of error, it will be seen that the complaint that the latter put on the defendant a greater burden than he ought to bear is not well founded.

Judgment affirmed.